UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELENITA MONDARES, | ) | No. 10-CV-2676-BTM(WVG) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO REOPEN DISCOVERY** |
| v. | ) | |
| | ) | |
| KAISER FOUNDATION HOSPITAL *et al.*, | ) | [DOC. NO. 15] |
| | ) | |
| Defendants. | ) | |

Plaintiff moves the Court for an order to re-open discovery. The Court finds this matter suitable for decision without oral argument. S.D. Cal. L. Civ. R. 7.1. Plaintiff's motion is denied because good cause does not exist to amend the scheduling order to reopen discovery.

**I. BACKGROUND**

On April 28, 2011, the Court convened a case management conference and subsequently issued a scheduling order that desig- nated October 3, 2011, as the fact discovery cut-off. (Doc. No. 10 at ¶ 5.) The scheduling order was created after consultation with the parties.

On October 19, 2011, the Court convened a mandatory settle- ment conference and learned for the first time that Plaintiff

desired to reopen discovery. Prior to this time, none of the parties had brought this fact to the Court's attention and the discovery deadline passed as originally scheduled. The Court reserved judgment and requested briefing on the matter.

On October 24, 2011, Plaintiff filed an *ex parte* motion to explain the reasons for her request. (Doc. No. 15.) Plaintiff's motion is based on her counsel's involvement in other trials in state court. (Doc. No. 15 at 4 ("Plaintiff could not reasonably have met the cutoff date despite her diligence due to Ms. Brady-Davis' aggressive trial calendar, including the case involving this Plaintiff.").)

Plaintiff explains she wishes to reopen discovery in order to complete the deposition of 9 witnesses. These depositions were originally noticed on September 16, 2011, and were to take place on, or in the few days preceding, the discovery cut-off. Plaintiff argues that her deposition notices were reasonable because they were served at least 10 days prior to the deposition date.

Defendants oppose the *ex parte* motion on grounds that Plaintiff has not diligently sought discovery or extension of the discovery cut-off. In part, Defendants argue that the mere 16 or so days' notice Plaintiff provided was not reasonable given the number of deponents and the fact that two of the depositions were for Rule 30(b)(6) witnesses and included 220 possible topics. Defendants also indicate that Plaintiff has not propounded <u>any</u> written discovery in this case.

### III. LEGAL STANDARD

The decision to modify a scheduling order is within the broad discretion of the district court. <u>Johnson v. Mammoth Recreations,</u>

1 | <u>Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (<u>quoting</u> <u>Miller v. Safeco</u>
2 | <u>Title Ins. Co.</u>, 758 F.2d 364, 369 (9th Cir. 1985)).  Federal Rule of
3 | Civil Procedure 16 provides a stringent standard whereby the party
4 | who seeks to amend the Court's scheduling order must show "good
5 | cause" why the Court should set aside or extend a discovery
6 | deadline.  <u>See</u> Fed. R. Civ. P. 16(b)(4).  The scheduling order may
7 | only be amended with the Court's consent.  <u>Id.</u>
8 |     Under Rule 16(b)'s good cause standard, the Court's primary
9 | focus is on the movant's diligence in seeking the amendment.
10 | <u>Johnson</u>, 975 F.2d at 609.  "Good cause" exists if a party can
11 | demonstrate that the schedule "cannot reasonably be met despite the
12 | diligence of the party seeking the extension."  <u>Id.</u> (<u>citing</u> Fed. R.
13 | Civ. P. 16 advisory committee's notes (1983 amendment)).
14 | "[C]arelessness is not compatible with a finding of diligence and
15 | offers no reason for a grant of relief.  Although the existence or
16 | degree of prejudice to the party opposing the modification might
17 | supply additional reasons to deny a motion, the focus of the inquiry
18 | is upon the moving party's reasons for seeking modification."  <u>Id.</u>
19 | (citations omitted).  If the party seeking modification was not
20 | diligent in his or her pretrial preparations, the inquiry should end
21 | there and the measure of relief sought from the Court should not be
22 | granted.  <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th
23 | Cir. 2002).  The party seeking to continue or extend the deadlines
24 | bears the burden of proving good cause.  <u>See</u> <u>id.</u>; <u>Johnson</u>, 975 F.2d
25 | at 608.
26 |     In addressing the diligence requirement, a sister Court has
27 | noted:
28 |   [T]o demonstrate diligence under Rule 16's "good cause"
    standard, the movant may be required to show the following:

1  (1) that she was diligent in assisting the Court in
   creating a workable Rule 16 order; (2) that her noncompli-
2  ance with a Rule 16 deadline occurred or will occur,
   notwithstanding her diligent efforts to comply, because of
3  the development of matters which could not have been
   reasonably foreseen or anticipated at the time of the Rule
4  16 scheduling conference; and (3) that she was diligent in
   seeking amendment of the Rule 16 order, once it became
5  apparent that she could not comply with the order.

6  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)

7  (citations omitted).

8                    **III.   DISCUSSION**

9        The Court denies Plaintiff's motion for the following three

10 reasons.[1/]

11 **A.     Plaintiff's Excuse For Not Seeking Discovery Is Unpersuasive**

12       Plaintiff's sole reason for not being able to take discovery

13 until now is her counsel's "aggressive trial calendar." This reason

14 is unpersuasive for two reasons. First, trials in other cases and

15 counsel's busy schedule are unrelated to this case, and the delay

16 they cause are not a product of this case. Every attorney who

17 appears before this Court juggles multiple cases and has a busy

18 schedule. Second, other trials and a busy schedule do nothing to

19 advance Plaintiff's burden to show she was diligent in _this_ case.

20 Quite to the contrary, these actually militate against a finding of

21 diligence, as counsel essentially admitted she was not diligent in

22 this case because she was busy litigating _other_ cases. Moroever,

23 given that trial dates are set in advance, Plaintiff and her counsel

---

25 [1/] Thou gh not much discussion is necessary, Plaintiff argues she will be
   prejudiced if she is unable to engage in the discovery she should have conducted
26 long ago. However, in the Ninth Circuit, "[p]rejudice is not the relevant
   inquiry. Rule 16(b)'s 'good cause' standard primarily considers the diligence of
   the party seeking the amendment." Global Bldg. Sys. v. Brandes, 2008 U.S. Dist.
27 LEXIS 53958, *8 (quoting Johnson, 975 F.2d at 609) (internal quotation marks
   omitted). In any event, "[a] party who fails to pursue discovery in the face of
28 a court ordered cut-off cannot plead prejudice from his own inaction." Rosario
   v. Livaditis, 963 F.2d 1013, 1019 (7th Cir. 1992). Defendants have not done
   anything to cause delay or prevent Plaintiff from seeking discovery in this case.

had advance notice and had ample opportunity to seek extension of the discovery deadline. Neither the trials in other cases nor the discovery deadline in this case should have been surprises to Plaintiff. Ultimately, Plaintiff's excuse is utterly unpersuasive.

As discussed further below, with Plaintiff's inadequate excuse in mind, the Court finds that Plaintiff was not diligent in any way here.

**B.  Plaintiff Did Not Diligently Seek Discovery**

Except for the flurry of deposition notices served essentially on the eve of the fact discovery cut-off, Plaintiff has not engaged in any discovery to date. The deposition notices she served a mere two weeks before the discovery cut-off were her first attempts at any discovery at all. Essentially, although Plaintiff had the opportunity to conduct discovery during the 5 months and 6 days between April 28, 2011, and October 3, 2011, she waited until the sixteenth day before the deadline was set to pass before she engaged in any discovery at all. And then, she bombarded Defendants with multiple deposition notices, two of which contained hundreds of PMK topics. This sort of delay is the antithesis of diligence, and, besides her own failure to do discovery, Plaintiff provides no reasonable reason why she could not meet the discovery deadline.

**C.  Plaintiff Did Not Diligently Seek To Extend the Deadline**

Rule 16(b)(4) makes clear that the Court's approval is required to amend a scheduling order. Nonetheless, parties sometimes treat this requirement as though the Court's acquiescence is a foregone conclusion that will be freely bestowed if they simply ask whenever they get the chance. So is the case here. However,

the Court takes seriously the schedule it sets and parties' delay and failure to diligently seek extension of dates.

Despite knowing that the discovery cut-off was fast approaching and she had not conducted <u>any</u> discovery, Plaintiff made no attempt to seek an extension before it passed. Rather, Plaintiff attempted to jam 9 depositions down Defendants' proverbial throats before the deadline passed in order to get them in "on time."[2/] Plaintiff apparently did not anticipate that Defendants might object to the notices and additional time may be necessary to resolve the dispute and take the depositions.

Moreover, even after Defendants objected to receiving nine deposition notices, including two PMK deposition notices with 220 topics, with just two weeks to prepare, Plaintiff still neglected to seek a deadline extension or to notify the Court of the dispute.[3/] Instead, Plaintiff waited until 16 days <u>after</u> the discovery deadline had passed before mentioning the discovery dispute, or her desire for additional time, to the Court. And when she finally did so, it was in passing during the settlement conference, not through any sort of motion or in adherence to the Court's Chambers Rules. Plaintiff's self-proclaimed diligence <u>after</u> the discovery deadline

---

[2/] Plaintiff contends her deposition notices were timely because they were served at least 10 days before the deposition date. While that may be true if she had only served one or two deposition notices, the combined impact of <u>nine</u> notices, including two multi-topic PMK notices, rendered her notices unreasonable and untimely as a result. <u>See</u> Schwarzer <i>et al.</i>, <u>Cal. Prac. Guide: Fed. Civ. Proc. Before Trial</u>, § 11:1436 (The Rutter Group 2007 Rev.) ("Ten days' notice is normally reasonable, but it depends on the circumstances of the case . . . .").

[3/] Defendants objected to the deposition notices on September 21, 2011, when Plaintiff still had time to seek extension of the cut-off. Plaintiff knew at least as of that date that she may face problems or delay. Yet, she remained silent, did not seek the Court's intervention in the dispute, and did not seek extension of the discovery deadline. The Court's response very well may have been the same as it is now even if Plaintiff had requested an extension before the deadline arrived. But at least Plaintiff would have been able to react and salvage some discovery in the short time remaining.

passed is of no moment. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006) ("Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand.").

Plaintiff's delay is further inexcusable since she knew in advance that she or her counsel were going to be in several trials, which are inherently time-consuming. Regardless of when those trial dates were set, she knew they loomed on the horizon, as did the discovery deadline in this case. Yet, she did not seek an extension of the deadline in this case to accommodate the busy trial schedule nor did she increase her efforts to meet her trial demands and conduct discovery in this case.

### IV. CONCLUSION

In short, because Plaintiff has not shown she was diligent in her pursuit of discovery, she has not satisfied her burden to establish good cause for amending the scheduling order. As a result, Plaintiff's motion is denied. Fact discovery shall remain closed.

IT IS SO ORDERED.

DATED:  November 7, 2011

_____
Hon. William V. Gallo
U.S. Magistrate Judge